IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ARNULFO NINO, ID # 37695-079, | ) | |
| Movant, | ) | |
| vs. | ) | No. 3:09-CV-0423-G (BH) |
| | ) | No. 3:93-CR-0359-G (02) |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | Referred to U.S. Magistrate Judge |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

### I. BACKGROUND

Movant, an inmate currently incarcerated in a federal prison facility, filed the instant motion to vacate pursuant to 28 U.S.C. § 2255. Respondent is the United States of America.

On April 15, 1994, a jury convicted movant of conspiracy to possess with intent to distribute cocaine (Count 1) and use of a telephone to facilitate a drug trafficking offense (Counts 2 through 5). On June 18, 1994, the Court sentenced him to 260 months total imprisonment. His convictions and sentences were affirmed on direct appeal. *See United States v. Nino*, 71 F.3d 878, No. 94-10625, 1995 WL 726539, at *1 (5th Cir. Nov. 16, 1995) (per curiam). Movant filed a motion to vacate pursuant to 28 U.S.C. § 2255 challenging his convictions on June 19, 1998, and the District Court denied the motion as time-barred on July 10, 1998. *See United States v. Nino*, No. 3:98-CV-1427-G (N.D. Tex. July 10, 1998). On May 31, 2002, movant filed a second § 2255 motion alleging that his due process rights were violated because he did not receive timely notice that a prior conviction would be used for enhancement purposes. *United States v. Nino*, No. 3:02-CV-1137-G (N.D. Tex.

June 10, 2002). The District Court denied the motion pending review by the Fifth Circuit on June 28, 1998. *See id.* (N.D. Tex. June 28, 2002). In October 2008, movant filed a third § 2255 motion asserting four claims of ineffective assistance of counsel during trial, two claims of denial of due process based on prosecutor misconduct, and a claim of newly discovered exculpatory evidence which the prosecutor failed to disclose. *United States v. Nino*, No. 3:08-CV-1785-G (N.D. Tex. Oct. 7, 2008). On November 12, 2008, the Court transferred that motion to the Fifth Circuit as a successive motion. *United States v. Nino*, No. 3:08-CV-1785-G, 2008 WL 4899225, at *1-3 (N.D. Tex. Nov. 12, 2008) (accepting recommendation of Mag. J.) On February 4, 2009, the Fifth Circuit denied movant authorization to file a successive motion to vacate. *See In re Nino*, No. 08-11073, slip op. at 2 (5th Cir. Feb. 4, 2009) (per curiam). On March 4, 2009, the Court received this fourth motion to vacate in which he raises the same claim of newly discovered exculpatory evidence that he raised in his October 2008 motion. (*See* Mot. Vacate, Set Aside, or Correct Sentence ("Mot.") at 2, 5.)[1]

Because movant has filed prior § 2255 motions, the Court must determine whether this motion is second or successive within the meaning of § 2255.

## II. SECOND OR SUCCESSIVE APPLICATION

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214 (AEDPA) limits the circumstances under which a federal prisoner may file a second or successive motion to vacate in federal court. Under Fifth Circuit precedent, "a subsequent motion is 'second or successive' when it: '1) raises a claim challenging the [movant's] conviction or sentence that was

---

[1] The first page of the motion to vacate is designated as page two. The Court cites to the motion by the page numbers given therein.

2

or could have been raised in an earlier [motion to vacate]; or 2) otherwise constitutes an abuse of the writ.'" *United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000) (quoting *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)).

Movant has filed three prior motions challenging his 1994 federal convictions. Under *Orozco-Ramirez,* movant was required to present all available claims related to his convictions in his initial motion to vacate:

> "The requirement that all available claims be presented in a prisoner's first habeas petition is consistent not only with the spirit of AEDPA's restrictions on second and successive habeas petitions, but also with the preexisting abuse of the writ principle. The requirement serves the singularly salutary purpose of forcing federal habeas petitioners to think through all potential post-conviction claims and to consolidate them for a unitary presentation to the district court."

211 F.3d at 870-71 (quoting *Pratt v. United States*, 129 F.3d 54, 61 (1st Cir. 1997)).

Movant claims that he has newly discovered exculpatory evidence that the prosecutor failed to disclose. (Mot. at 5.) Specifically, he asserts that the evidence implicating him stems from the prosecution's theory that its witness, identified as Ms. McCracken, "was acting in concert with government informant Colthorp" but the newly discovered evidence demonstrates that such "theory was a fraud." (*Id.*) He presents transcripts of a December 1993 investigation as his newly discovered evidence. He also attaches a letter which shows that a co-defendant in the federal criminal action against him, Sedrick Pierre, received the transcripts in March 2006 after a court ordered the Internal Revenue Service ("IRS") to process a request for the transcripts under the Freedom of Information Act.

Movant presented the same alleged newly discovered evidence in his October 2008 motion to vacate. *See United States v. Nino*, No. 3:08-CV-1785-G (N.D. Tex. Oct. 7, 2008). Although

3

movant claimed in the third case that was unable to raise his claim of newly discovered evidence in his previous motions to vacate, his inclusion of other claims that could have been raised in his prior motions essentially made the claim of newly discovered evidence immaterial to the successiveness determination. *See United States v. Nino*, No. 3:08-CV-1785-G, 2008 WL 4899225, at *1-3 (N.D. Tex. Nov. 12, 2008) (accepting recommendation of Mag. J.) Here, he raises only his claim of newly discovered evidence in this action, so the Court considers whether he could have raised the claim in his first two motions to vacate.

"Whether a movant 'could have' raised a claim in a prior § 2255 action depends upon whether the claim could have been raised had the movant exercised due diligence to discover the factual basis for the claim and present it to the Court." *United States v. Tamfu*, Nos. 3:03-CV-1075-P, 3:99- CR-0279-P(01), 2005 WL 3254581, at *2 (N.D. Tex. Dec. 1, 2005).[2] Movant submits the alleged newly discovered evidence to counter trial testimony that implicated him in the offenses for which he was convicted. (*See* Mot. at 5.) In objections filed in his October 2008 § 2255 action, he stated that (1) he did not discover "that Colthorp was not a co-conspirator till [sic] after [movant] had filed his previous motion [to vacate]" and (2) "[t]he newly discovered evidence makes Colthorps [sic] co-conspirator hearsay at trial inadmissible." *See United States v. Nino*, No. 3:08-CV-1785-G (N.D. Tex. Nov. 6, 2008) (objections).

At trial, movant would have known the evidence presented against him and whether Colthorps was a co-conspirator. If he viewed the testimony as false or misleading, he could have

---

[2] Although *Tamfu* relied on the 2003 version of the Rules Governing Section 2255 Proceedings for the United States District Courts, it recognized that the 2004 amendments to those rules would make no difference in determining whether a movant could have raised a claim in a prior motion to vacate. *See Tamfu*, 2005 WL 3254581, at *2 n.8. "A ground for relief is available to the moving party, within the meaning of the amended rule, when the factual basis for such ground was known to the movant or should have been known through the exercise of due diligence." *Id.*

immediately tried to ascertain the existence of the investigatory transcripts now presented as newly discovered evidence. He presents nothing to show that he made any such efforts. Although he submits a letter stating that a co-defendant obtained the proffered transcripts in March 2006, he does not show why he could not have discovered the proffered transcripts prior to filing his first motion to vacate in June 1998. Under the circumstances of this case, it does not appear that movant acted with due diligence to obtain the alleged suppressed transcripts of the IRS investigation. The Court should find that through the exercise of due diligence, movant could have raised his suppression claim in his original motion to vacate. Consequently, it should find the instant action successive within the meaning of 28 U.S.C. § 2255.[3]

When a motion is second or successive, the movant must seek an order from the Fifth Circuit Court of Appeals that authorizes this Court to consider the motion. *See* 28 U.S.C. § 2244(b)(3)(A) (made applicable to motions to vacate by § 2255(h)). A three-judge panel of the court of appeals must first determine whether this Court should consider the instant motion. *Id.* § 2244(b)(3)(B). The panel will authorize the filing of a second or successive motion only upon a *prima facie* showing that the motion is based on:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

---

[3] Such finding is consistent with the ruling on movant's October 2008 motion to vacate and the Fifth Circuit's denial of authorization to file a successive motion. In denying movant authorization to file a successive motion to vacate, the Fifth Circuit Court of Appeals specifically found that movant "failed to show that his claims rely on . . . 'newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found [him] guilty of the offense[s]'". *See In re Nino*, No. 08-11073, slip op. at 1-2 (5th Cir. Feb. 4, 2009) (per curiam).

*See id.* §§ 2244(b)(3)(C), 2255(h). The Fifth Circuit has not issued an order authorizing the district court to consider this successive motion to vacate. In fact, the Fifth Circuit has specifically denied movant authorization to file such a successive motion. *See In re Nino*, No. 08-11073, slip op. at 1-2 (5th Cir. Feb. 4, 2009) (per curiam).

Although it is appropriate for the Court to dismiss this successive motion without prejudice pending review by a three-judge panel of the Fifth Circuit Court of Appeals, it is also appropriate in some circumstances to transfer the successive motion to the Fifth Circuit for a determination of whether movant should be allowed to file the successive motion in the district court. *See Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002); *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997) (approving the practice of transferring a successive petition to the Circuit and establishing procedures in the Circuit to handle such transfers). In this instance, a dismissal without prejudice appears most appropriate because movant has already been informed that he must seek leave from the Fifth Circuit to file a second or successive motion to vacate and the Fifth Circuit has previously denied him authorization to file a successive motion.

Because the motion sought to be filed in this action is successive, and because the Fifth Circuit has not granted movant authorization to file it, the Court should dismiss the instant action without prejudice pending review by a three-judge panel of the Fifth Circuit Court of Appeals.

### III. SANCTIONS

As noted above, movant has filed three prior motions to vacate his 1994 convictions challenged herein. The Court thus considers the propriety of sanctions.

The federal courts possess the inherent power "to protect the efficient and orderly administration of justice and . . . to command respect for the court's orders, judgments, procedures, and

6

authority." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993). Included in such inherent power is "the power to levy sanctions in response to abusive litigation practices." *Id.* Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims. *See* Fed. R. Civ. P. 11; *Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993). *Pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

Based on movant's litigation history, it is appropriate to admonish or warn him that sanctions may be imposed if he files another successive motion to vacate without first obtaining authorization from the Fifth Circuit. If he persists, he should be monetarily sanctioned and barred from filing any additional motions to vacate related to his 1994 convictions without first obtaining permission from the Court.

### IV. RECOMMENDATION

The Court should **DISMISS** the instant action without prejudice pending review by a three-judge panel of the Fifth Circuit Court of Appeals. The Court should also **WARN** movant that, if he files another successive motion to vacate without first obtaining leave from the Fifth Circuit, he will be subject to sanctions, up to and including monetary sanctions payable to the Court and being barred from filing any additional motions to vacate related to his 1994 convictions without first obtaining permission from the Court.

**SIGNED this 6th day of March, 2009.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE